J-M MANUFACTURING COMPANY, Inc. *v.*
FIRST NATIONAL BANK of DeWITT

CA 99-1047 14 S.W.3d 534

Court of Appeals of Arkansas
Division IV
Opinion delivered April 19, 2000
[Petition for rehearing denied May 24, 2000.]

*Crumpler, O'Connor & Wynne,* by: *William J. Wynne,* for appellant.

*Russell D. Berry,* for appellee.

JOHN F. STROUD, JR., Judge. This case involves conflicting lien claims with respect to objects of personal property. The chancellor found that the lien of appellee, First National Bank of DeWitt, had priority over the lien of appellant, J-M Manufacturing Company, Inc. We affirm.

The case was decided on a motion for summary judgment, and the following sequence of events is helpful in understanding the issue on appeal:

1. Appellee, First National Bank of DeWitt, perfected its security interest in items of personal property owned by Thomas M. and Betty J. Howe by filing U.C.C. financing statements on December 6, 1989, and December 8, 1989, with the circuit clerk and the Secretary of State, respectively.

2. On February 10, 1993, appellant, J-M Manufacturing Company, Inc., obtained a judgment against Thomas Howe d/b/a Howe Company. The judgment was filed on March 5, 1993.

3. On December 6, 1994, the period of perfected filing of appellee's security interest expired (after five years), and no continuation statement was filed.

4. On April 27, 1995, the Howes filed for bankruptcy.

5. On December 30, 1995, a foreclosure decree was entered in favor of appellee and a public sale was subsequently held.

Appellant's sole point of appeal contends that the chancery court erred in finding that appellee's lien had priority over appellant's judgment lien so as to entitle appellee to receive the proceeds from the judicial sale of the personalty. In making its argument, appellant primarily relies upon Arkansas Code Annotated section 4-9-403(2) (Supp. 1999), which provides:

> (2) Except as provided in subsection (6) a filed financing statement is effective for a period of five (5) years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the five-year period unless a continuation statement is filed prior to the lapse. If a security interest perfected by filing exists at the time insolvency proceedings are commenced by or against the debtor, the security interest remains perfected until termination of the insolvency proceedings and thereafter for a period of sixty (60) days or until expiration of the five-year period, whichever occurs later. Upon lapse the security interest becomes unperfected, unless it is perfected without filing. *If the security interest becomes unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before the lapse.*

(Emphasis added.)

For purposes of this case, the key sentence of this code section is the last one. There is no dispute that appellee's perfected security interest lapsed on December 6, 1994, when no continuation statement was filed. Moreover, there is no dispute that appellant became a "judgment creditor" before the lapse. With respect to the protections afforded by this code section, however, the question is not whether appellant was a "judgment creditor," but whether appellant was a "purchaser" or "lien creditor" before the lapse, so as to take priority under the terms of this code section. Appellant has not established that it was either.

■ ■ A "lien creditor" is defined as a "creditor who has acquired a lien on the property involved by attachment, levy, or the like and includes an assignee for benefit of creditors from the time of assignment, and a trustee in bankruptcy from the date of the filing of the petition or a receiver in equity from the time of appointment." Ark. Code Ann. § 4-9-301(3) (Supp. 1999). The problem with appellant's reliance upon its purported status as a "lien creditor," is that there is nothing in the abstract to establish that fact. Appellant contends in its brief that:

> [appellant] caused a Writ of Execution to be issued as filed on April 21, 1995, by the Clerk of the Circuit Court in which the Judgment in favor of Appellant was entered pursuant to the provisions of Ark. Code Ann. (1987) § 16-66-104 directed to the Sheriff of Arkansas County for service upon the Debtor, Thomas Howe, but that service thereof was not made as the result of the filing six (6) days later by Thomas M. Howe and Betty J. Howe on April 27, 1995, of their Petition seeking relief under Chapter 13 of the United States Bankruptcy Code and the prohibition thereunder against taking action against such Debtors to collect money owed or to take property of the Debtor. However, at the time such Petition in Bankruptcy was filed, the Writ of Execution had already been filed with the Clerk and delivered to the Sheriff of Arkansas County, to whom such Writ had been directed, for service upon said Debtor.

Arkansas Code Annotated section 16-66-112 (1987), provides that:

> An execution shall be a lien on the property in any goods or chattels, or the rights or shares in any stock, or on any real estate, to which the lien of the judgment, order, or decree extends or has

been determined, from the time the writ shall be delivered to the officer in the proper county to be executed.

Our review of the abstract, however, does not reveal anything that establishes this critical fact that is relied upon by appellant. Consequently, appellant has not established its status as a "lien creditor."

 Without the priority status of a lien creditor, Arkansas Code Annotated section 4-9-312(5)(b) (Supp. 1999) comes into play: "So long as conflicting security interests are unperfected, the first to attach has priority." Here, as far as we are able to determine from the abstract, both security interests were unperfected at the critical time, and therefore appellee's security interest has priority because it was the first to attach.

Affirmed.

PITTMAN and HART, JJ., agree.